IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIELLE CARLISLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIRST FINANCIAL ASSET )<br>MANAGEMENT, INC., )<br>)<br>Defendant. ) | Case No. CIV-24-213-D |

### **ORDER**

On August 28, 2024, the Court ordered Plaintiff to show cause as to why this action should not be dismissed without prejudice for failure to effect service of process within 90 days after filing the complaint [Doc. No. 3]. In response, Plaintiff alleges that Defendant was timely served and that she will "move forward with defaulting the defendant." [Doc. No. 4]. Thereafter, Plaintiff filed a "Clerk's Entry of Default" [Doc. No. 5], which the Court construes as a motion for entry of default.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Clerk of Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). "To grant a motion for default judgment, the district court must first determine whether the defendants in question were properly served." *Cochran v. City of Wichita*, 784 F. App'x 585, 587-88 (10th Cir. 2019) (unpublished).

According to the certified mail proof of delivery attached to Plaintiff's motion [Doc. Nos. 5-1, 5-2], Plaintiff attempted to serve Defendant via certified mail. While the Federal

Rules do not expressly permit service by certified mail, they do permit service of a summons and complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). In this case, Plaintiff's attempted service appears deficient.

First, Oklahoma law requires service by certified mail to be restricted to the addressee. *See* Okla. Stat. tit. 12, § 2004(C)(2)(b) ("Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee."). There is no indication in the record that Plaintiff restricted the certified mail delivery to Defendant. At the least, Plaintiff's certified mail delivery must comply with Oklahoma law; the state where service was attempted (Georgia) does not authorize service by certified mail. *See Cooley v. Ocwen Loan Servicing, LLC*, 729 F. App'x 677, 682 (11th Cir. 2018) (unpublished) ("Georgia law, like the federal rules, requires in-person service and makes no provision for service by mail.").

Under Oklahoma law, "[s]ervice by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant." Okla. Stat. tit. 12, § 2004(C)(2)(c). Here, Plaintiff's proof of delivery does not allow the Court to determine whether the served individual or entity had authority to accept service on behalf of Defendant. The unspecified recipient's signature appears to be a slash. Nothing in the case record indicates that the individual served was Defendant's registered agent, Robert Chalavoutis, or an individual authorized to accept service on Defendant's

2

behalf.

For these reasons, the Court finds that Plaintiff has not adequately shown cause for why the complaint should not be dismissed for failure to serve Defendant. The Court **ORDERS** Plaintiff to file a supplemental response to the Court's Order to show cause within 14 days of the date of this Order, establishing service on Defendant under the applicable rules. Alternatively, within 14 days, Plaintiff may re-serve Defendant and file a valid, written proof of service, or a waiver of service for Defendant. Otherwise, the Court may dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for entry of default [Doc. No. 5] is **DENIED**.

**IT IS SO ORDERED** this 13th day of September, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge